1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11  WILLIAM J. GRADFORD,                    )   Case No.: 1:20-cv-00858-DAD-JLT (PC)
                                            )
12          Plaintiff,                      )   ORDER DENYING MOTION TO SET ASIDE
                                            )   DISMISSAL AND SET SCHEDULING
13      v.                                  )   CONFERENCE
                                            )
14  DEPUTY BAEZ,                            )
                                            )   (Doc. 15)
15          Defendant.                      )
                                            )
16  _____       )

17          Before the Court is Plaintiff's motion to set aside dismissal and set scheduling conference.

18  (Doc. 15.) Because it appears this motion has been filed in error in this case (see Doc. 16 at 1), the

19  Court denies the motion.

20  **I.      Background**

21          William J. Gradford initiated this civil rights action pursuant to 42 U.S.C. § 1983 by filing a

22  complaint and motion to proceed *in forma pauperis*. (Docs. 1, 3.) Plaintiff seeks redress due to an

23  incident involving Deputy Baez and retaliation he claims he faced in prison. (See Doc. 1.) The Court

24  found that Plaintiff states a cognizable claim only as to excessive force in violation of the Eighth

25  Amendment to the Constitution. (Doc. 6.) Pursuant to the Court's order, Plaintiff notified the Court

26  that he wishes to proceed only on the excessive force claim. (Doc. 7.) Defendant filed an answer on

27  November 9, 2020. (Doc. 13.)

28          On January 29, 2021, Plaintiff filed a motion to set aside dismissal and set scheduling

                                             1

1 | conference. (Doc. 15.) Defendant filed a response on February 25, 2021 (Doc. 16), and Plaintiff filed a

2 | reply on March 3, 2021 (Doc. 17).

3 | **II.     Legal Standards**

4 | **A.     Rule 60(b) of the Federal Rules of Civil Procedure**

5 | Under Federal Rule of Civil Procedure 60, "the court may relieve a party . . . from a final

6 | judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or

7 | excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct

8 | by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or

9 | discharged; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

10 | **B.     Court's Jurisdiction Over Settlement Agreements**

11 | "Federal courts are courts of limited jurisdiction. They possess only that power authorized by

12 | Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

13 | "Federal courts have no inherent power to enforce settlement agreements entered into by parties

14 | litigating before them." K.C. ex rel. Erica C. v. Torlakson, 762 F.3d 963, 967 (9th Cir. 2014) (internal

15 | quotation marks and citations omitted). "Rather, courts have ancillary jurisdiction to enforce a

16 | settlement agreement only 'if the parties' obligation to comply with the terms of the settlement

17 | agreement ha[s] been made part of the order of dismissal—either by separate provision (such as a

18 | provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the

19 | settlement agreement in the order." Id. (quoting Kokkonen, 511 U.S. at 381.)

20 | Generally, when a district court dismisses an action with prejudice, federal jurisdiction ends

21 | and a dispute arising under the settlement agreement is a separate contract dispute that requires its own

22 | independent basis for jurisdiction. Kelly v. Wengler, 822 F.3d 1085, 1094 (9th Cir. 2016). However,

23 | courts have the authority to enforce a settlement agreement while the litigation is still pending or when

24 | the settlement agreement is referenced in the dismissal order or the court has retained jurisdiction to

25 | enforce the agreement. In re City Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th Cir. 1994); Kelly, 822

26 | F.3d at 1095. But such ancillary jurisdiction exists only if the settlement agreement was "made part of

27 | the dismissal," by retaining jurisdiction over the agreement, "or by incorporating the terms of the

28 | settlement agreement in the order." Kokkonen, 511 U.S. at 281. The Ninth Circuit has held that the

1  Kokkonen analysis applies "with equal force" to "effort[s] to undo rather than to enforce a settlement

2  agreement." See Camacho v. City of San Luis, 359 Fed. App'x 794, 798 (9th Cir. 2009) (district court

3  did not abuse its discretion when it declined to exercise jurisdiction over a request to undo a settlement

4  agreement over which the court had not previously retained jurisdiction).

5  **III.     Discussion**

6         In Plaintiff's motion, he requests the Court to vacate or withdraw the dismissal in this case and

7  set a scheduling conference. (See Doc. 15 at 6.) Plaintiff notes a settlement agreement and a signed

8  release related to the alleged dismissal. (See id. at 1-2.) However, as Defendant asserts in response,

9  "this matter has never been dismissed and plaintiff's motion appears to have been filed in error." (Doc.

10  16 at 1.) Plaintiff complains about not receiving certain documents related to his case in his reply (see

11  Doc. 17), and it is possible that Plaintiff may be confusing this case with another pending case. (See,

12  e.g., Gradford v. Freddie, No. 1:19-cv-01252-DAD-EPG ("[Plaintiff] filed his September 21, 2020

13  motion based on confusion between this case and his other cases before this court that have already

14  settled") (Doc. 33)); (see also Doc. 15 at 8). Nevertheless, because it appears that this motion was filed

15  in error, the Court will deny the motion without prejudice.

16         With respect to Plaintiff's motion requesting a settlement conference, the Court will deny the

17  motion without prejudice. However, the district judge will require a settlement conference before the

18  case proceeds to a trial.

19         In his reply, Plaintiff complains about not receiving his mail or receiving it late and requests

20  that the Court "resend any and all court ordered document(s) updates, if any." (Doc. 17 at 2-4.)

21  However, the person seeking copies must set forth sufficient information to enable a determination of

22  the necessity for the copies, and blanket requests for all copies in a case do not provide sufficient

23  information for such an inquiry. See, e.g., Spisak v. Nevada, No. 2:05-cv-01147-JCM-PAL, 2007 U.S.

24  Dist. LEXIS 40539, at *9 (D. Nev. June 1, 2007). Plaintiff simply has made a blanket demand for a

25  copy of all court ordered documents in this case. Plaintiff was served with a copy of every order issued

26  in this case. The Court will not direct the Clerk of Court to apply limited resources to make and send

27  copies based on such a blanket request. Plaintiff must retain a copy of all documents received from the

28  Court.

1    **IV.**     **Order**

2        The Court **ORDERS** that Plaintiff's motion (Doc. 15) is **DENIED** without prejudice.

3

4    IT IS SO ORDERED.

5        Dated:    **March 21, 2021**                **/s/ Jennifer L. Thurston**

6                                             UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28